**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53144**

| | |
|---|---|
| In the Interest of: John Doe I, John Doe II, and John Doe III, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | **Filed: May 4, 2026** |
| Petitioner-Respondent, | ) ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| JANE DOE (2025-35), | ) ) |
| Respondent-Appellant. | ) ) |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Anson L. Call II, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Erik D. Fredericksen, State Public Defender; Jessalyn Hopkin, Deputy Public State Defender, Pocatello, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jason R. Chandler, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Jane Doe (2025-35) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In this action, Doe is the mother of three children (Children) born in 2013, 2022, and 2023.[1] Although this opinion refers to all three minors collectively as "Children," the record shows that

---

[1] Doe has a history of Idaho Department of Health and Welfare involvement, including twenty-eight prior intakes, thirteen assessments, and one open case management case that resulted in the removal and termination of her parental rights to her three other children in 2008.

1

Doe's oldest child intermittently stayed with his grandfather during the case. The case was initiated because Doe, Doe's partner, and Children had moved multiple times and ultimately became homeless. Doe's partner is the biological father of Doe's two youngest Children. In part, the homelessness occurred due to domestic violence between Doe and her partner.

In December 2023, the Idaho Department of Health and Welfare (Department) received a referral stating the family was homeless and that Doe's oldest child was often staying at his grandfather's apartment complex, where the community bathroom contained feces and needles. In January 2024, the Department received another referral alleging the family remained homeless and that Doe and her partner were constantly fighting. The Department recommended temporary shelter care, and the State filed a motion to remove Children.

The magistrate court placed Children in the Department's legal custody. The magistrate court ordered Doe to complete a case plan to reunify with Children. While in foster care, Children received medical care and a stable home environment. The magistrate court conducted several review and status hearings while Children were in the Department's custody. The Department filed a petition to terminate Doe's parental rights, and the magistrate court held a termination trial. After the trial, the magistrate court entered its findings of fact and conclusions of law and the judgment terminating Doe's parental rights, finding that Doe neglected Children and that termination of Doe's parental rights is in the best interests of Children. Doe appeals.[2]

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho

---

[2]    The magistrate court also terminated the parental rights of the two youngest Children's father. The decision to terminate his parental rights is at issue in a separate appeal.

383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings that she neglected Children and that termination is in Children's best interests. First, Doe argues

that the magistrate court erred in finding neglect because she completed the tasks in her case plan, including obtaining housing and participating in counseling, and because the magistrate court imposed requirements not expressly included in the case plan. Second, Doe argues that the magistrate court erred in determining that termination of her parental rights is in Children's best interests. For the reasons set forth below, we affirm the judgment terminating Doe's parental rights.

**A.    Neglect**

Doe argues the magistrate court erred in finding neglect because she completed the tasks in her case plan, including obtaining housing and participating in counseling. Doe contends the magistrate court improperly relied on her statements about returning to homelessness and imposed expectations that were not expressly included in the case plan, such as "address[ing] the safety and stability threats posed by [Doe's partner]."

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen[3] of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Doe does not dispute the magistrate court's finding that Children were removed due to homelessness. Although Doe later secured housing, the magistrate court found that she expressly stated she would not maintain housing if Children were returned to her custody. At trial, the magistrate court heard testimony that Doe repeatedly expressed this resistance through statements such as, "being homeless is not a crime" and she asserted that, if homelessness was her lifestyle,

---

[3]    At the time the Department filed the petition to terminate parental rights, the statutory time frame under I.C. § 16-2002(3)(b) was fifteen out of the most recent twenty-two months. Subsequently, the statute was amended to twelve out of the most recent twenty-two months.

"that's how I want to live, it's nobody's business." The magistrate court was entitled to weigh this testimony and reasonably concluded that Doe's ongoing unwillingness to maintain housing constituted evidence of neglect.

The magistrate court also found that Doe failed to comply with other portions of her case plan. Specifically, the magistrate court found that Doe did not address the safety and stability concerns posed by her partner or the ongoing instability of their relationship. Doe argues she could not be required to "address the safety and stability threats posed by [Doe's partner]" because no specific case plan task explicitly assigned her such responsibility. This argument is unavailing. The magistrate court did not impose a new or unwritten requirement; rather, it found that Doe failed to remedy the instability and safety concerns arising from her ongoing relationship with her partner--concerns that were fully encompassed within Doe's obligation to safely parent and provide control under I.C. § 16-1602(31).

The record supports these findings. Doe and her partner fought frequently--almost every visit. At trial, a witness described the absence of any positive or loving interactions between them. One such altercation involved a case worker intervening out of concern that an argument would escalate to violence. The magistrate court also heard testimony describing several specific incidents illustrating the volatility of Doe and her partner's relationship. In one instance, Doe's partner grabbed and shoved Doe before one of Children's medical appointments, and Doe had to be caught from falling. In another incident, Doe's partner left Doe at one of Children's surgeries without transportation and told her to "find your own way home."

The evidence further showed that these conflicts directly affected Children. At trial, witnesses testified that Children were present during many confrontations and were visibly affected by Doe and her partner's hostility during and after visits. The magistrate court reasonably concluded that the ongoing conflict between Doe and her partner caused instability and safety concerns for Children. Accordingly, substantial and competent evidence supports the magistrate court's finding that Doe neglected Children, as defined in I.C. § 16-1602(31), by failing to comply with the case plan, that Children had been in the Department's custody for over fifteen months, and that reunification had not occurred within the time standards of I.C. § 16-2002(3)(b).

**B.      Best Interests**

Doe argues the magistrate court erred in finding that termination of her parental rights is in Children's best interests. Doe asserts she maintained stable housing, complied with services, and consistently improved her situation throughout the case. Doe further contends that the record does not support any finding that she and her partner engaged in domestic violence.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe (2013-15)*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court heard testimony that Children experienced emotional and behavioral difficulties after visitation when Doe and her partner argued and that Children felt safer and more secure in their foster home. The magistrate court also credited testimony that Children struggled during periods of homelessness and that they benefitted significantly from the consistent structure and routine provided in their current placement--conditions that Doe has historically been unable to maintain.

Consistent with these observations, the magistrate court found that Doe had significant time to work on her parenting, but made only limited progress, and that her improvements were temporary and not intended to be sustained. The magistrate court further found that Doe expressly stated a desire to return to a lifestyle of homelessness and reasonably concluded that such instability would jeopardize Children's safety and permanency.

The magistrate court also found that Children are thriving in foster care, have stability, and receive the medical and emotional care they require. As stated above, evidence of improvement

6

in foster care may support a finding that termination is in the children's best interests. *Doe (2013-15)*, 156 Idaho at 111, 320 P.3d at 1270. The magistrate court determined that Children's need for stability, permanency, and safety could not be met by Doe--given her ongoing instability and limited progress.

Considering Children's emotional and behavioral responses to visitation, their improved stability and security in foster care, and the magistrate court's findings regarding Doe's limited progress and expressed desire to return to homelessness, the record contains substantial and competent evidence supporting the magistrate court's conclusion that termination is in Children's best interests. Doe has failed to show the magistrate court erred in finding that it is in Children's best interests to terminate her parental rights.

## IV.
## CONCLUSION

Doe has failed to show that the magistrate court erred in finding she neglected Children. Doe has also failed to show that the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.